UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIDELITY BROKERAGE SERVICES LLC, a limited liability company,

    Plaintiff,

  v.

ERIC SAVELL, an individual,

    Defendant.
_____/

NO. CIV. S-12-01608 MCE/CKD

Plaintiff Fidelity Brokerage Services LLC, has submitted an <u>ex parte</u> application to seal the declarations of Bo Lowenberg, Leslie Blickenstaff and Krista J. Dunzweiler in their entireties, along with all of their attached exhibits, on the ground that they contain "customer information." Plaintiff asserts that the information is a trade secret under the Uniform Trade Secrets Act, and its public disclosure is prohibited by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801(a), and its implementing regulations, 17 C.F.R. §§ 248.10, 248.3(t)(1) and 248.3(u)(2)(i)(D).

////

1    Plaintiff submitted the application under seal.[1]  While
2 plaintiff notified defendant Eric Savell that it was filing this
3 secret application, it expressly declined to provide him with the
4 motion papers, asserting that he has no "legitimate business need
5 for the information contained in the sealed documents."
6 Declaration of Krista J. Dunzweiler ¶ 2 (June 14, 2012).  The
7 documents that plaintiff is withholding from defendant – and from
8 the public – are the only documents that contain any evidence in
9 support of plaintiff's allegation that defendant has taken and is
10 improperly using confidential customer information.  This is the
11 very basis of plaintiff's complaint and of its motion for a
12 Temporary Restraining Order (the Complaint and TRO application were
13 publicly filed).  Plaintiff has not suggested any procedure that
14 would allow defendant to defend himself against this secret
15 evidence.  Unsurprisingly, defendant has not filed a response to
16 this invisible documentation.

**I.   STANDARD**

18    The Ninth Circuit has spoken out strongly in support of the
19 "'general right to inspect and copy public records and documents,
20 including judicial records and documents.'"  Kamakana v. City and
21 County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006), quoting
22 Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 & n.7
23 (1978).  Since the documents plaintiff wishes to have sealed here

---

[1] The application and its accompanying documents have not been entered on the Docket.

2

are not the stuff of traditional court secrecy (grand jury transcripts or warrant materials), they enjoy a "'strong presumption in favor of access.'" <u>Id.</u>, 447 F.3d at 1178, <u>quoting</u> <u>Foltz v. State Farm Mutual Automobile Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003).

> A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the "compelling reasons" standard. That is, the party must "articulate[] compelling reasons supported by specific factual findings," that outweigh the general history of access and the public policies favoring disclosure .... In turn, the court must "conscientiously balance[] the competing interests" of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture."

<u>Id.</u>, 447 F.3d at 1178-79 (citations omitted).

**II.  ANALYSIS**

The Court has reviewed plaintiff's three submitted declarations <u>in camera</u>. For the reasons that follow, the application to seal will be denied as to all three declarations. As noted, the declarations sought to be filed under seal provide the only factual basis for plaintiff's assertion that defendant is in possession of, or is in the process of taking and using, its customer lists and confidential customer information. Permitting the declarations to be filed under seal in their entireties would deprive the public of the information it is entitled to, namely, the basis for this court's decision on the TRO application. This is not a secret court, and it will not decide this TRO application

based upon secret evidence.

Equally unacceptable, plaintiff has expressly declined to provide defendant with these declarations, asserting that he has no "business need" for them. Dunzweiler Declaration ¶ 2. The court cannot understand how defendant can defend against plaintiff's request for a TRO without access to the evidence that supposedly justifies its issuance.

**A.   The Declaration of Bo Lowenberg (June 13, 2012).**

The Lowenberg Declaration consists of twenty-eight (28) paragraphs. However, fifteen (15) of them – paragraphs 1-13, 15 & 28 – contain no customer information of any kind, nor any financial information, nor any other information that appears to be confidential or in need of being sealed. This court will not seal information that is essential to deciding the TRO application, but which contains no confidential information.

Paragraphs 14 & 16-27 identify customers by their full names, thus indirectly identifying them as "high-net-worth" individuals, most of whom allegedly have at least $1 million invested at Fidelity. In addition, Paragraph 27 identifies specific amounts belonging to customers whose full names are given. At first glance, then, there would appear to be a basis for sealing these paragraphs (assuming plaintiff's legal basis for sealing customer records is sound).

Upon closer inspection, however, it is clear that plaintiff identified these same customers in the Complaint, by using their initials only. Plaintiff there stated that it was doing so "to

1  protect the identify of Fidelity's customers as required by the
2  Gramm-Leach-Bliley Act and its implementing regulations."
3  Complaint ¶ 37 n.1 (Dkt. No. 1).  The Complaint goes on to explain
4  that the "initials are defined in the Declaration of Krista J.
5  Dunzweiler, which Fidelity has sought to file under seal for
6  Fidelity's customers' protection."  Id.  Dunzweiler's Declaration
7  gives the same explanation for how plaintiff is protecting customer
8  information.  Dunzweiler Declaration ¶ 6.  Plaintiff does not
9  explain why it did not use the same technique to protect customer
10 identities in the Lowenberg Declaration.  Doing so would obviate
11 the need to seal any of the 28 paragraphs of that declaration.

12      The Lowenberg Declaration also attaches 14 Exhibits.  Exhibits
13 1-3 contain no customer information of any kind, nor any financial
14 information, nor any other information that appears to be
15 confidential or in need of being sealed.  The remaining eleven (11)
16 exhibits contain occasional references to specific customer names.
17 However, defendants have already redacted other confidential
18 customer information from these documents, namely social security
19 and account numbers.  Plaintiff has not explained why it cannot
20 also redact customer names so that the exhibits can be filed
21 publicly.

22      On the record before the court, plaintiff has not made a
23 compelling showing that the Lowenberg Declaration should be filed
24 under seal.  As a result, it has failed to overcome the strong
25 presumption that judicial records are public documents, and the
26 application will therefore be denied.

**B.  Declaration of Leslie Blickenstaff (June 13, 2012).**

The Blickenstaff Declaration consists of twenty-five (25) paragraphs, and attaches ten (10) exhibits. Only four (4) of the paragraphs – numbered 11, 12, 18 & 19 – contain customer information. The remaining twenty-one (21) paragraphs contain no customer information of any kind, nor any financial information, nor any other information that appears to be confidential or in need of being sealed.

The first three (3) attached exhibits contain no customer information of any kind, nor any financial information, nor any other information that appears to be confidential or in need of being sealed. Some of the remaining seven (7) exhibits contain occasional references to specific customer names. However, plaintiff has not explained why it has not simply redacted the customer names so that the document can be filed publicly.

On the record before the court, plaintiff has not made a compelling showing that the Blickenstaff Declaration should be filed under seal. As a result, it has failed to overcome the strong presumption that judicial records are public documents, and the application will therefore be denied.

**C.  Declaration of Krista Dunzweiler (June 14, 2012).**

The Dunzweiler Declaration consists of seven (7) paragraphs, and attaches one (1) exhibit. Only the last paragraph contains customer information or any other confidential information. Paragraph 7 ties the customer initials used in the Complaint to specific customers. Plaintiff explained that it used this

6

1 technique in order to protect customer identities in the Complaint,
2 although as discussed above, plaintiff does not explain why it did
3 not use the same technique to protect customer identities in the
4 Lowenberg or Blickenstaff Declarations.

5 Paragraph 7 of the Dunzweiler Declaration thus contains
6 customer information that apparently cannot be presented in any
7 other way.  The first six (6) paragraphs of the declaration,
8 however, as well as the exhibit, contain no customer information of
9 any kind, nor any financial information, nor any other information
10 that appears to be confidential or in need of being sealed.

11 If plaintiff wishes to file paragraph 7 under seal, it may
12 apply to do so in a separate document.[2]  However, the court will
13 not seal the exhibit, nor the non-confidential information
14 contained in the first six (6) paragraphs of that declaration.

15 **III. CONCLUSION**

16 For the reasons stated above:

17 1.   Plaintiff's application to file documents under seal is
18 **DENIED**.

19 However, this denial is without prejudice to an application to
20 file under seal a document containing the customer-identifying
21 information contained in Paragraph 7 of the Dunzweiler Declaration;

22 2.   The parties are advised that at the TRO hearing,
23 currently scheduled for June 19, 2012 at 3:00 p.m., the court does

---

[2] The court is not, of course, ruling on plaintiff's future application.  If plaintiff submits a proper application, the court will at that time consider whether or not it should be filed under seal.

7

not plan to consider any of the declarations or evidence plaintiff submitted under seal on Friday, June 15, 2012;

    3.   If plaintiff chooses to file a new application to seal, it shall do so no later than 4:30 p.m. today (Monday, June 18, 2012), if it wishes to have the court – at tomorrow's TRO hearing – consider any evidence filed or submitted under seal;

    4.   If plaintiff chooses to file declarations in support of the TRO publicly, it shall do so no later than 4:30 p.m. today (Monday, June 18, 2012), the declarations shall contain only information already contained in the original declarations filed on Friday,[3] and plaintiff shall effect electronic service on defendant's counsel (or defendant if counsel is unknown), of such documents, no later than 4:30 p.m. today; and

    5.   Plaintiff shall forthwith serve this order by electronic means on defendant's counsel, or on defendant, if counsel is unknown.[4]

    IT IS SO ORDERED.

    DATED: June 18, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[3] That is, plaintiff may not submit additional factual information at this time if it wishes the TRO hearing to go forward as scheduled.

[4] Plaintiff is further advised that any delay in getting its documents or this order served on the defendant's counsel (or defendant, if counsel is known), may lead to a re-scheduling of the TRO hearing to a later date.