M. Taylor Florence (SBN 159695)
tflorence@lockelord.com
Krista J. Dunzweiler (SBN 227384)
kdunzweiler@lockelord.com
LOCKE LORD LLP
500 Capitol Mall, Suite 1800
Sacramento, CA  95814
Phone: (916) 930-2582
Fax: (916) 930-2501

Jennifer A. Kenedy (admitted *pro hac vice*)
jkenedy@lockelord.com
LOCKE LORD LLP
111 South Wacker Drive
Chicago, IL  60606-4410
Phone:  (312) 443-0700
Fax: (312) 443-0336

Attorneys for Plaintiff
FIDELITY BROKERAGE SERVICES LLC


Jeffrey K. Compton (SBN 142969)
jcompton@mzclaw.com
Oriet Cohen-Supple (SBN 206781)
ocohen@mzclaw.com
**MARKUN ZUSMAN & COMPTON LLP**
465 California Street, 5th Floor
San Francisco, CA 94104
Telephone: (415) 438-4515
Facsimile:  (415) 434-4505

Attorneys for Defendant Eric Savell

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**SACRAMENTO DIVISION**

| | |
|---|---|
| FIDELITY BROKERAGE SERVICES LLC, a limited liability company,<br><br>                    Plaintiff,<br><br>     v.<br><br>ERIC SAVELL, an individual,<br><br>                    Defendant. | CASE NO. 2:12-cv-01608-MCE-CKD<br><br>**STIPULATION AND TEMPORARY RESTRAINING ORDER**<br><br>**Date: June 18, 2012**<br>**Time: 3:00pm** |

1
STIPULATION AND TEMPORARY RESTRAINING ORDER

Plaintiff Fidelity Brokerage Services, LLC's ("Fidelity"), through its counsel, M. Taylor Florence, and Defendant Eric Savell ("Savell"), through his counsel of record, Jeffrey K. Compton hereby agree and stipulate as follows:

WHEREAS, on June 14, 2012 the Plaintiff Fidelity Brokerage Services, LLC'S ("Fidelity") filed a Complaint and Ex Parte Application for a Temporary Restraining Order (Without Security) and Order to Show Cause Re: Preliminary Injunction ("TRO") in the above captioned court against Defendant Eric Savell ("Savell"), said application being set for hearing on June 19, 2012 ; and

WHEREAS, Fidelity and Savell have agreed, without Savell admitting any wrongdoing, and without the parties waiving any claim, argument or defense which could be raised at arbitration, to the entry of a temporary restraining order, as follows:

IT IS HEREBY STIPULATED AND AGREED THAT:

A. Savell is enjoined from committing, either directly or indirectly, and whether acting alone or in concert with others, pending arbitration before FINRA, or until further order of this Court, the following acts:

   (i) soliciting, whether directly or indirectly, and whether alone or in concert with others, any business from any Fidelity customer whom Savell served or whose name became known to Savell while in the employ of Fidelity, including, without limitation, all customers Savell learned of through his employment with Fidelity;

   (ii) using, disclosing, transmitting and continuing possess for any purpose, including solicitation of customers, the information contained in the records of Fidelity, including, but not limited to, the names, addresses, telephone numbers, email addresses and confidential financial information of the customers Savell learned of through his employment with Fidelity.

IT IS ALSO HEREBY AGREED THAT:

   (iii) Savell, and anyone acting in concert with him, including any agent, employee, officer or representative of Savell's new employer, shall return to Fidelity any and all records, documents and/or information pertaining to Fidelity customers, whether in electronic, handwritten or any other form, if any, within five (5) days of entry of this order, including any and all copies.  This requirement includes all records or documents, in any form, created by Savell, or anyone acting in concert with them, from documents or information received or removed from Fidelity by Savell; and

   (iv) Savell shall file a sworn declaration attesting that he has returned to Fidelity all such information in any form subject to this Court's Order within seven (7) days from the entry of this Court's Order OR alternatively, within the same time period, Savell shall file a sworn declaration that, as of June 14, 2012, he did not have in his possession any Fidelity customer information including

names, addresses, telephone numbers, email addresses or other information concerning Fidelity customers Savell learned of through his employment at Fidelity, in document, handwritten, electronic or any other format. To the extent the format of some information is electronic, Savell shall delete that information and, prior to deleting, Savell, through counsel, shall provide a copy of all information he is deleting to Fidelity's outside counsel and such information shall not be disclosed to anyone other than counsel for Fidelity. The declaration shall attest that, in accordance with this paragraph, all such information has been deleted from all sources and that copies of all such information has been provided.

(v) The requirements set forth in (iii) and (iv) exclude existing Linsco Private Ledger (LPL) customers; and

(vi) To the extent that any correspondence is required to be kept by LPL to comply with FINRA or SEC "books and records" regulatory requirements, any future access to such records, addresses, telephone numbers, email addresses shall be restricted solely to compliance department staff or legal counsel and shall not be used by Savell or LPL for any direct or indirect solicitation of any kind.

B. Pursuant to sections 3 and 4 of the Federal Arbitration Act, 9 U.S.C. §§3-4, the parties are directed to proceed to arbitration pursuant to the FINRA Code of Arbitration Procedure; and

C. This Order shall remain in full force and effect until further order by the FINRA arbitration panel.

IT IS SO STIPULATED

Dated: June 18, 2012                         LOCKE LORD LLP
                                                               */s/ M. Taylor Florence*
                                             By:_____
                                                   M. Taylor Florence
                                                   Attorney for Plaintiff
                                                   FIDELITY BROKERAGE SERVICES LLC

Dated: June 18, 2012                         MARKUN ZUSMAN & COMPTON LLP
                                                               */s/ Jeffrey K. Compton*
                                             By:_____
                                                   Jeffrey K. Compton
                                                   Attorney for Defendant
                                                   ERIC SAVELL

IT IS SO ORDERED.

Dated: June 19, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE